[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 4, 2012
JOHN LEY
CLERK

No. 11-11534
Non-Argument Calendar
_____

Agency No. A087-375-383

FLAUBERT DINOU,
VENUS DINOU MOUNGANG,

                                                          Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                          Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 4, 2012)

Before EDMONDSON, CARNES, and KRAVITCH, Circuit Judges.

PER CURIAM:

Flaubert Dinou petitions for review of the Board of Immigration Appeals'

decision denying his requests for asylum, withholding of removal, and relief under

the United Nations Convention Against Torture (CAT).[1]  Dinou contends that

substantial evidence does not support the BIA and Immigration Judge's adverse

credibility determination.

I.

Dinou is from Cameroon and lived in Italy for 13 years before coming to the

United States.  In 2008 he filed an application for asylum, withholding of removal,

and CAT relief.  He sought asylum based on his political opinion and membership

in the Human Rights Defense Group and his father's membership in the Southern

Cameroon National Council.  In 2009 the Immigration and Naturalization Service

issued a notice to appear to Dinou alleging he was subject to removal under 8

U.S.C. § 1227(a)(1)(B).

At his removal hearing, Dinou testified that his father had been arrested in

Cameroon and had disappeared.  He also testified that when he returned to

Cameroon from Italy to look for his father he was arrested, imprisoned, and

tortured.  He submitted a document that he asserted was a State Department

country report on Cameroon which referred to his father's disappearance.

---

[1] Flaubert Dinou is the lead petitioner.  His daughter, Venus, is a derivative applicant.

The IJ found the country report had been altered to include the reference to Dinou's father. Based on the fabricated country report, the lack of other corroborating documents, and the inconsistency and implausibility of Dinou's testimony, the IJ found that Dinou's testimony was "flawed, lacking in details, unpersuasive, and not credible." Based on that adverse credibility finding, the IJ found that Dinou had failed to establish either past persecution or a well-founded fear of future persecution, making him ineligible for asylum.[2] She concluded that because Dinou could not satisfy the lower burden of proof for an asylum claim, he could not establish the higher burden for withholding of removal. Further, Dinou had failed to meet his burden to be eligible for CAT relief.

The BIA affirmed the IJ's decision and this petition followed.

## II.

"Where the BIA issues a decision, we review that decision, except to the extent that it expressly adopts the IJ's opinion." Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230 (11th Cir. 2006). "Insofar as the BIA adopts the IJ's reasoning, we review the IJ's decision as well." Id. Here, we review both BIA's decision and the IJ's decision because the BIA adopt the IJ's reasoning.

---

[2] The IJ also found that Dinou's asylum application was frivolous. Dinou was given an opportunity to withdraw the application, but he did not. The IJ further found that Dinou was "firmly resettled" in Italy.

3

We review for substantial evidence the BIA's and IJ's fact findings, and we review de novo their legal determinations. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817–18 (11th Cir. 2004). An adverse credibility determination is a finding of fact that we review for substantial evidence. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230–31 (11th Cir. 2006). The substantial evidence test is highly deferential, and we affirm conclusions "supported by reasonable, substantial, and probative evidence" based upon the record as a whole. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). For us to reverse, we must find that the record compels a contrary conclusion, not merely that it supports one. Id.

In order to be eligible for asylum, an applicant must establish with specific and credible evidence a well-founded fear of future persecution on account of a protected ground. 8 C.F.R. § 208.13(b); Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1256 (11th Cir. 2007). The denial of asylum relief can be supported solely by an adverse credibility determination, especially if the alien fails to produce corroborating evidence. Chen, 463 F.3d at 1231. If the same facts underlie each claim, an alien unable to establish eligibility for asylum will fail to demonstrate eligibility for withholding of removal or CAT relief. See Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 891 (11th Cir. 2007).

4

The IJ's adverse credibility determination, upheld by the BIA, was supported by substantial evidence. In addition to finding that Dinou had submitted a fabricated country report, the IJ pointed to inconsistent dates in Dinou's testimony and inconsistencies between Dinou's asylum application and his testimony. It also found his alleged concern for his father implausible because it was inconsistent with Dinou's actions, including a vacation to the United States and several months of delays in Italy before Dinou returned to Cameroon to look for him.

Accordingly, the record does not compel the conclusion that the BIA and IJ erred by determining Dinou was not credible. We therefore deny Dinou's petition for review on his asylum claim. Because Dinou is unable to meet the lower burden for asylum, he has also failed to show eligibility for withholding of removal and CAT relief because those claims are based on the same underlying facts.[3]

**PETITION DENIED.**

---

[3] Because we deny Dinou's petition based on the adverse credibility finding, we need not address whether his asylum application was frivolous or whether he had "firmly resettled" in Italy.